# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CITY OF CAMBRIDGE, | Case No. 18-CV-2763 (NEB/HB) |
| Plaintiff, | |
| v. | ORDER ON MOTION TO REMAND |
| ONE LOVE HOUSING, LLC, | |
| Defendant, | |
| and | |
| ONE LOVE HOUSING, LLC, THOMAS BERGOFF, and NATE PEARSON, | |
| Counterclaim Plaintiffs, | |
| v. | |
| CITY OF CAMBRIDGE, | |
| Counterclaim Defendant. | |

This case is before the Court on the City of Cambridge's ("the City") Motion to Remand. [ECF No. 11.] One Love Housing, LLC ("One Love Housing") claims remand is inappropriate because there is federal-question jurisdiction, as the case involves the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131, et seq., and the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3602, 3604. Because the complaint does not allege a

federal cause of action nor rely on the resolution of a substantial federal issue, and the ADA and FHA only arise as defenses and counterclaims, the Court finds it lacks subject-matter jurisdiction over this case and grants the motion.

## BACKGROUND

One Love Housing owns property located at 614 Fern Street North within the City of Cambridge. [ECF No. 1-1 ¶ 4.] The property is located in an area zoned for single-family residences. (*Id.* ¶ 5.) In March 2018, One Love Housing requested that the City waive its enforcement of the definition of family so that the property may be used as a sober house. (*Id.* ¶ 8.) The City agreed to allow up to six persons to reside in the property. (*Id.* ¶ 9.) One Love Housing then asked to have thirteen residents and an on-site staff member reside in the property. (*Id.* ¶ 10.) The City rejected the request. (*Id.* ¶ 15.) The City believes there are currently fourteen unrelated individuals residing in the property. (*Id.* ¶ 18.)

The City initially brought this action against One Love Housing in Minnesota state court in September 2018. (*Id.* at 7.) The City sought an order declaring One Love Housing was in violation of city ordinances and enjoining One Love Housing from housing more than six individuals in the property. (*Id.*) One Love Housing removed this case to federal court shortly thereafter. [ECF No. 1.] On October 25, 2018, the City filed a motion to remand, claiming this Court lacks subject-matter jurisdiction to consider this case. [ECF Nos. 11 & 12.]

## ANALYSIS

When a case is removed to federal court, this Court must make sure it has subject-matter jurisdiction over it. *See* 28 U.S.C. § 1447(c); *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). It is undisputed that there is no diversity of citizenship between the parties, so the sole question is whether federal-question jurisdiction is present in this case. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 8 (1983) ("For this case—as for many cases where there is no diversity of citizenship between the parties—the propriety of removal turns on whether the case falls within the original 'federal question' jurisdiction of the United States district courts."). Federal-question jurisdiction is codified in 28 U.S.C § 1331, which provides that "[t]he district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Supreme Court has emphasized that "[t]he rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

To determine whether a "well-pleaded complaint" establishes federal-question jurisdiction, courts must consider whether (1) "federal law creates the cause of action" or (2) "the plaintiff's right to relief necessarily depends on resolution of a substantial

question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27–28. Here, it is clear there is no federal cause of action alleged in the complaint. The City brought its action "pursuant to Minnesota Statutes Chapter 555, the Uniform Declaratory Judgment Act, Minnesota Statutes Section 462.362, the City Housing Code, and the City Zoning Ordinance." [ECF No. 1-1 ¶ 3.] The only time federal law is mentioned in the complaint is in the ninth paragraph, in which the City explains that its decision to allow six people to reside in the property "was intended to be a reasonable accommodation pursuant to the Americans with Disabilities Act and Fair Housing Act." (*Id.* ¶ 9.) But the City seeks relief under only Minnesota state law and alleges no violation of any federal laws. The mere fact that the complaint mentions federal law is insufficient to create a federal cause of action because the City is not seeking relief or alleging violations under a federal law in this case. *See Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1025–26 (10th Cir. 2012) (finding no federal jurisdiction although complaint mentioned the ADA and other federal laws when "[t]he thrust of [the Plaintiff's] complaint remains a state-law-created claim for relief."). Thus, the face of the "well-pleaded complaint" does not include any federal cause of action.

And, because the plaintiff is the master of the complaint, counterclaims and defenses cannot satisfy the federal-question requirement. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A]llowing responsive pleadings by the defendant to establish 'arising under' jurisdiction would undermine the clarity and ease

4

of administration of the well-pleaded complaint doctrine . . . ."); *see also Cty. of Los Angeles v. Sahag-Mesrob Armenian Christian Sch.*, No. CV 09-560 SVW (JWJX), 2009 WL 737061, at *2 (C.D. Cal. Mar. 18, 2009) (finding no jurisdiction when Defendants raised a federal defense but "Plaintiff's [c]omplaint only raises an issue of state law, specifically zoning violations."). The ADA and FHA arise in this case as defenses and counterclaims raised by the Defendant and, as a result, do not form the basis for federal jurisdiction.[1]

Additionally, the City's right to relief does not depend on the resolution of a substantial question of federal law. The Supreme Court has held that:

> [F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, we held, jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005). This Court need not entertain every factor in the test because the case fails under the first factor—whether the federal issue is "necessarily raised." The complaint in this case alleges a violation of a zoning ordinance,

---

[1] In answering the City's complaint, One Love Housing raised defenses under the FHA and ADA. [ECF No. 6 ¶¶ 3, 18, 27.] One Love Housing, along with Thomas Bergoff and Nate Pearson, also brought counterclaims against the City for discrimination under the FHA and ADA. (*Id.* ¶¶ 50–58.)

5

which can be resolved without considering federal law. This Court can decide whether a city zoning ordinance has been violated on its face without considering whether there was a reasonable accommodation under the FHA and ADA. A federal issue is therefore not "necessarily raised" in this case. *See New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) ("A state-law claim 'necessarily' raises federal questions where the claim is affirmatively 'premised' on a violation of federal law." (citation omitted)); *MHA LLC v. HealthFirst, Inc.*, 629 F. App'x 409, 412–13 (3d Cir. 2015) (construing "necessarily raised" to "mean[] that an element of the state law claim requires construction of federal law"); *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1211 (10th Cir. 2012) (finding no federal jurisdiction because it was not necessary for the court to interpret federal law to establish the state law claims). The fact that this case may implicate federal *defenses* under the FHA and ADA does not change this analysis.

At oral argument, One Love Housing argued that there was a federal issue on the face of the complaint because the complaint discusses how the City of Cambridge had made an accommodation to the zoning ordinances for One Love Housing to allow six unrelated persons to reside at the property. This fact also does not change the Court's analysis. The City has the police power to enforce the ordinance as it wishes. And the plaintiff is the master of the complaint, which alleges a violation of the City's zoning ordinance. The core question in this case is therefore whether One Love Housing violated

the City's zoning ordinance by having fourteen individuals living in the property. One Love Housing is attempting to recast the question as whether allowing six unrelated people to reside in the property is a reasonable accommodation under the ADA and FHA. Certainly, One Love Housing could have sued the City of Cambridge and asked that question. And that case would likely properly be in federal court. But that is not the case before the Court. The complaint simply alleges violations of a city zoning ordinance. That issue (1) does not involve a federal cause of action and (2) does not necessarily raise a federal issue. And the fact that the City of Cambridge made accommodations in the past does not change the fact that the FHA and ADA are merely defenses in this case—not causes of action. Because the alleged violations in this case fall squarely under Minnesota state law, there is no federal question, and thus no subject-matter jurisdiction in this case.

One Love Housing relies on two cases in its Opposition to the City's Motion for Remand. It first cites to *Country Club Estates, LLC v. Town of Loma Linda*, 213 F.3d 1001 (8th Cir. 2000). In that case the Eighth Circuit held the case was properly removed to federal court because the complaint alleged violations of the United States Constitution. *Id.* at 1004. This case is distinguishable from *Country Club Estates* because the City has not alleged any violations of federal law in the complaint—the federal issues only arise in One Love Housing's defense. One Love Housing also relies on *Lundeen v. Canadian Pacific Railway Company*, 342 F. Supp. 2d 826 (D. Minn. 2004). This case is distinguishable from *Lundeen*, however, for the same reasons. In *Lundeen*, the court found violations of state

and federal law in its complaint. *Id.* at 829–30. In this case the City alleges no violations of federal law. Because the City alleges only state law violations and seeks state law relief on the face of its well-pleaded complaint, there is no federal-question jurisdiction and remand is appropriate.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, the City of Cambridge's Motion to Remand [ECF No. 11] is GRANTED.

Dated: April 5, 2019               BY THE COURT:

                                               s/Nancy E. Brasel
                                               Nancy E. Brasel
                                               United States District Judge